IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MIKE WHITTINGTON                                                                   PLAINTIFF

v.                                                          CIVIL ACTION NO. 5:15cv52-DCB-MTP

CITY OF MCCOMB                                                                     DEFENDANT

REPORT AND RECOMMENDATION

This matter is before the Court, *sua sponte,* for recommendation of dismissal pursuant to 28 U.S.C. § 1915(e)(2). Having considered the record, Plaintiff's multiple attempts to amend and clarify his complaint, and the applicable law, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

Plaintiff Mike Whittington, proceeding *pro se*, filed this action on June 9, 2015, suing a litany of defendants. On May 18, 2015, the Court entered an Order [3] granting Plaintiff *in forma pauperis* status, but directed no process to issue pending a preliminary screening of his claims. In his Complaint [1], Plaintiff sued various state and local entities and indicated on the civil cover sheet that he was suing the defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Along with the complaint, Plaintiff filed 119 pages of miscellaneous documents on which he writes various comments. Accordingly, the Court found that Plaintiff's complaint required clarification, an amendment was necessary, and that Plaintiff should file a RICO Statement as required by the local rules. *See* L. U. Civ. R. 83.8. Plaintiff was directed to file his amended pleading on or before July 6, 2015, to include the following information:

    a. the name and address of each Defendant and their registered agent(s) for the issuance and service of process;

    b. a clear and concise statement, which includes specific facts, explaining

    Plaintiff's claims against each Defendant;

    c. if Plaintiff brings a claim under RICO, he shall include an accompanying statement containing the information outlined in L. U. Civ. R. 83.8;

    d. a request for relief and the amount of damages sought, if any.

*See* Order [3].

In a document[1] filed by Plaintiff, he attempted to comply with the requirement of a RICO statement. This document [4] states "that the state is controlled by the insurance companies" and that "RICO is designed to deter." *See* [4] at 4. In this document, he lists over 30 defendants including the Attorney General, various judges, insurance companies, the State of Arizona, Pike National Bank, doctors at Southwest Mississippi Regional Medical Center, and the managers at Aaron's Rent to Own, alleging they all conspired against him to commit RICO violations. In other motions, he also suggests that the judges assigned to this case are also part of the RICO claim or a conspiracy against him. *See* Motion to Move Forward with Case [21]; Motion of Recusal [22]; and Motion for Change of Venue [23]. Plaintiff is alleging that the defendants have conspired against him committing RICO violations for a little over a decade.

Plaintiff filed various other documents with the Court, but they have only served to further obscure his claims *See* [7][8]. On April 7, 2016, the Court issued an order once again directing Plaintiff to clarify his pleadings. Plaintiff then filed a Motion to Amend [17], which the Court construed as an amended complaint. *See* Order [24]. However, the amended pleading still left the Plaintiff's allegations unclear; he removed some defendants saying he was dropping the "claims" against them, but then cites RICO, various constitutional provisions, and mentions

---

[1] This filing was labeled as a Motion for Extension of Time [4], but also contains further allegations. Additionally, part of the document is labeled RICO statement. *See* [4] at 12. Plaintiff also submitted medical records showing he suffers from various medical problems, including mental health issues. *See* [4] at 6.

2

insurance fraud. He claims that all the defendants were part of some large conspiracy against him. *See* [17] at 5.

The Court once again ordered Plaintiff to clarify his pleadings as his various submissions were impossible to follow. *See* Order [18]. The Court noted that Plaintiff been afforded several extensions of time, including a brief stay of the case, due to health problems. *See* Orders [5] [10] [16]. The Court then warned Plaintiff that at some point, this case must proceed and gave Plaintiff a final opportunity to clarify his allegations and "to plead his 'best case.'" *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

On July 14, 2016, Plaintiff filed another Motion to Amend [19], but it still did not clarify Plaintiff's complaint.[2] Nothing about Plaintiff's filings have been clear, and he has not provided the court with addresses of his rotating cast of defendants so they may be served with process.[3] From what can be liberally construed from Plaintiff's filings, he is bringing a RICO claim against all the defendants and is possibly attempting to bring various §1983 claims against certain defendants. As set forth below, Plaintiff has failed to state a RICO claim, and his §1983 claims are barred by the applicable the statute of limitations.

## ANALYSIS

Because the Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)

---

[2] This motion was also construed as an amended complaint. *See* Order [24].
[3] Plaintiff is proceeding *in forma pauperis.* Officers of the court serve process on defendants in such cases. *See* 28 U.S.C. § 1915(d). Even if Plaintiff were allowed to proceed, he has not yet given the Court the requisite information so that process may be served. He was ordered to provide this information over a year ago. *See* Order [3].

(recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Dismissal is appropriate if plaintiff fails to set forth a factual allegation in support of his claim that would entitle him to relief (i.e. for "failure to state a claim"). *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In order to state a claim, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.2009) (quoting *Twombly*, 550 U.S. at 555). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[I]f it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed." *Williams v. Recovery School Dist.*, No. 11–1588, 2012 WL 893421, at *2 (E.D.La. Mar. 15, 2012) (citing *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir.2007)).

RICO claims under 18 U.S.C. § 1962 have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh* 480 F.3d 351, 355 (5th Cir.2007) (internal citations omitted). Each of RICO's essential elements "is a term of art which carries its own inherent requirements of particularity." *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir.1989). In order to establish a "pattern of racketeering activity" a plaintiff must allege two or more predicate criminal acts that are (1) related and (2) "amount to or pose a threat of continued criminal activity." *Id.* (citations omitted). The definition of an "enterprise" includes "a group of

persons associated together for a common purpose of engaging in a course of conduct" and an "ongoing organization, formal or informal [with] ... various associates function[ing] as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). Further, an "enterprise" is "an entity separate and apart from the pattern of activity in which it engages." *Id.* An enterprise is not established merely by proof of a series of racketeering acts. Instead, an enterprise has three elements: "(1) a common or shared purpose; (2) some continuity of structure and personnel; and (3) and ascertainable structure distinct from that inherent in a pattern of racketeering." *Atlas Pile Driving Co. v. DiCon Fin. Co*. 886 F.2d 986, 995 (8th Cir. 1989).

Plaintiff's filings contain numerous allegations accusing a variety of defendants of committing a vast array of wrongdoings over a number of years, ranging from illegal searches, theft, insurance fraud, predatory lending, and conspiring to put him in prison. While *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981), Plaintiff's various filings nevertheless fail to state any comprehensible or plausible claim for relief against the defendants under RICO. He has failed to allege any facts demonstrating the defendants had any common purpose, continuity of structure and personnel, or a distinct structure. Plaintiff's filings merely recite a series of wrongdoings allegedly committed by the defendants and conclusively states they were RICO violations. Plaintiff's allegations do not provide a comprehensible factual basis for relief under RICO and his claims should be dismissed. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent'" dismissal).

Under Plaintiff's umbrella of RICO claims there are a few allegations that the court could liberally construe as 42 U.S.C. §1983 claims. Those claims, however, are barred by the applicable statute of limitations. Some of Plaintiff's allegations stem from an incident in 2004 in which he alleges Allen Applewhite and Tim Perkins illegally questioned his mentally ill son James Whittington. *See* [17]. Plaintiff states at one point that, "[t]hey took my mentally retarded son, gave him some pills to make him smarter, played him subliminal tapes, let him consume alcohol, [and] at some point he let something slip." *See* [4] at 13. The questioning took place because Plaintiff was being investigated for insurance fraud related to a truck and three motorcycles that he reported stolen and for which he had received an insurance payout from Shelter Insurance. *See* [1-2] at 23.

He claims that the defendants forced his son to say that Plaintiff had actually put his truck in a storage shed in Meridian, Mississippi and collected the insurance money. He asserts that that this illegal questioning lead to illegal searches of his and possibly his father's property for the vehicles, and that Raymond Delk, Mickey Vitt, and Tim Wroten took part in these searches. He alleges the search warrants were invalid as they had the wrong vehicle identification numbers on them. He also alleges that there are different versions of the warrants that do not match. *See* [19]. While not completely clear, it appears that Plaintiff may have agreed to a "plea deal" of some type.[4]

Stemming from this event he claims that Judge Rodger Arnold issued an illegal search warrant, the Mississippi Bureau of Investigation ("MBI") somehow violated his constitutional rights, and DA Ronnie Harper and ADA Debra Blackwell filed false documents with the court.

---

[4] Plaintiff states that they threatened that his "son would would [sic] be arrested, if [he] did not take the plea deal !!!!!" *See* [17] at 2.

6

He also sues the State of Mississippi, Mike Chaney, Jim Hood, and Christopher Watkins for failure to supervise their employees and for failure to investigate this incident. Regardless of the clarity of Plaintiff's pleadings, these events transpired between the years 2003 to 2005, according to the various documents filed by Plaintiff. *See e.g.* [1-2] at 23.

Plaintiff also claims that in 2011 Amite County failed to investigate previous fraud and refused to respond to 911 calls and investigate the theft of over $300,000 worth of items stolen during the months of April – July, 2011. Plaintiff states this claim against Amite "only cover[s] events thru (sic) 2011." *See* [17] at 3.

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993). There is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations of the instant civil action. *Id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F.Supp. 1222, 1230 (S.D.Miss.1994), aff'd, 62 F.3d 394 (5th Cir.1995); *see also* Miss. Code Ann. § 15–1–49.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know

7

> that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir.2008) (*citing Piotrowski*, supra ). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir.1992). The State of Mississippi does not provide a tolling provision for incarceration. *See Willis v. Pennington*, No. 4:08CV60-P-A, 2008 WL 2559385, at *2 (N.D. Miss. June 23, 2008)( "[U]nder Mississippi's general statute of limitations, . . .neither [Plaintiff's] incarceration nor illiteracy can trigger equitable tolling to overcome the three-year state statute of limitations for . . . actions filed under 42 U.S.C. § 1983.").

From the allegations, it is clear that Plaintiff's claims stemming from the alleged illegal questioning of his son are barred by the 3-year statute of limitations. Plaintiff was aware of any injury and the connection between the injury and the defendants' alleged conduct in the early to mid-2000s. *Piotrowski*, 237 F.3d at 576. Furthermore, Plaintiff's claims against Amite County from events in 2011 are also barred by the statute of limitations. Giving Plaintiff the benefit of the latest date that he alleges Amite County's misconduct in 2011, the limitation period for any of his §1983 claims expired on July 31, 2014. *See Hubbard v. Mississippi Conference of United Methodist Church*, 138 F. Supp. 2d 780, 782 (S.D. Miss.)( "[I]n Mississippi, the general three year statute of limitations of section 15–1–49 of the Mississippi Code applies to section 1983 claims."). Plaintiff filed this current action on June 9, 2015, therefore, Plaintiff's § 1983 claims are time-barred.

## RECOMMENDATION

As Plaintiff's assertions fail to state a claim on which relief can be granted under RICO and his §1983 claims are time barred, the undersigned recommends that Plaintiff's case be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of November, 2016.

s/ Michael T. Parker
United States Magistrate Judge